CRAIN, Judge.
This is an appeal of a judgment of the trial court denying defendants’ petition for injunctive relief as to use of a portion of land included in a servitude granted by prior order of the trial court.
Plaintiff, Dixie Electric Membership Corporation, a non-profit membership corporation, filed suit on February 13,1979 against defendants Adié F. Fontenot, Russell L. Fontenot, and Leon A. Fontenot, seeking to expropriate a portion of land owned by the defendants and located in Livingston Parish. An answer was timely filed by the defendants on March 2, 1979. The original petition concerned the expropriation of three acres of land for location of a sub-station and all necessary transmission lines connected therewith.
On May 11, 1979, plaintiff filed an amended petition to which is attached an acceptance of service and waiver of citation by George L. Clauer, III, attorney for the defendants, dated May 9, 1979. This amended petition asks for a servitude across an additional 0.48 acres for construction of transmission lines to and from the sub-station. The order attached to the amended petition is unsigned. Also filed May 11, 1979, is a stipulation signed by attorneys for both parties. This stipulation agrees that a 24 foot right-of-way will be created in favor of Dixie Electric Membership Corporation. The matter was submitted to the court with the stipulation for a determination of the need and necessity of expropriating the property of the defendants. A judgment was rendered on May 10, 1979, granting ownership of the 3.0 acres to the plaintiff, and granting a permanent servitude on the 0.48 acres, “... as prayed for ... ”, preserving the ownership of mineral rights to the defendants, and reserving the question of the amount of compensation and damages.
On July 9,1979, the matter went to trial, and the court set the purchase price at $23,804.00. This judgment was rendered July 9, 1979, and signed on August 1, 1979, and incorporated by reference the provisions of the May 10, 1979 judgment.
On September 29, 1980, defendants filed a petition for injunctive relief, seeking to enjoin the plaintiff from “exercising its servitude of passage or right of way in such a manner as to go beyond the purposes of ingress and egress, violate the terms of the judgment of May 10, 1979, and interfere with petitioners’ possession and enjoyment of their property...”. Basically the injunction is to prohibit the erection of lines in the 0.48 acres which it is claimed is a violation of the servitude.
Paragraph VI of the Amended Petition filed by Dixie Electric states, “Petitioner further needs to acquire a servitude of passage or right of way to provide ingress and egress from the above described property and to provide for the construction and operation of certain transmission lines to provide electricity and other utilities to and from this sub-station location.” If this amended petition was properly before the trial judge when he rendered his May 10th judgment then that judgment encompasses the broader use requested of the servitude.
The amended petition was marked filed in the clerk’s office after judgment was signed, but was served on the attorney for the defendants on May 9, 1979, before the judgment was signed. Service of the amended petition was accepted and citation waived by defendants’ attorney. This was acceptable under C.C.P. Art. 1151, which *1037 provides that after answer a petition can be amended only by leave of Court “. .. or by written consent of the adverse party.” (emphasis added) The attorney’s waiver of citation is equivalent to such acceptance. The amended petition being properly before the court, the stipulation must be considered to have been made with reference thereto, cf., C.C.P. Art. 1154. Therefore, the judgment of May 10, 1979, granting to Dixie Electric Membership Corporation a judgment “... as prayed for ... ” on the servitude over the 0.48 acres, necessarily includes the prayer of the amended petition for the broader servitude including the right to erect and maintain transmission lines.
That portion of the judgment of the trial court denying appellant an injunction relative to the use of the servitude is correct and is accordingly affirmed. Appellants are to pay all costs.
AFFIRMED.